NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0562n.06

No. 10-5551

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 11, 2011*

LEONARD GREEN, Clerk

MARTIN E. O'BOYLE, Individually and as General Partner in New Midland Plaza Associates; CATHERINE O'BOYLE, Individually and as General Partner in New Midland Plaza Associates; NEW MIDLAND PLAZA ASSOCIATES; COMMERCE PARTNERSHIP NO. 1147; COMMERCE PARTNERSHIP NO. 1171,

       Plaintiffs-Appellants,

v.

SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.; ROSS D. COOPER; MARK S. GUBERMAN,

       Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

Before: MOORE and KETHLEDGE, Circuit Judges; MARBLEY, District Judge.[*]

KETHLEDGE, Circuit Judge. Martin O'Boyle, Catherine O'Boyle, and their partnerships (collectively, "O'Boyle") owned a large shopping center in Tennessee. In 1988, O'Boyle mortgaged the shopping center for $8.9 million. He defaulted on the mortgage in 1998. The bank that held the mortgage note foreclosed on the center in April 1999. After unsuccessful negotiations to end the

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

mortgage dispute, O'Boyle sued various defendants in Tennessee state court. He essentially claimed that these defendants had conspired to bankrupt his partnership and to take unlawful control of the center. Representing O'Boyle, among others, was the law firm of Shulman, Rogers, Gandal, Pordy & Ecker P.A. ("Shulman Rogers"), and specifically two of its attorneys, Ross Cooper and Mark Guberman (we refer to Shulman Rogers, Cooper, and Guberman collectively as "Defendants").

In December 2004, the Tennessee circuit court granted summary judgment for the defendants in that case on each of O'Boyle's claims. On September 27, 2005, the court also ordered O'Boyle to pay over $1.6 million of fees and costs to those defendants, per a loser-pays provision in the mortgage note. O'Boyle moved to amend that order that same day. In December 2005, the court denied both that motion and a separate motion to vacate its December 2004 summary-judgment order. The court then entered judgment against O'Boyle.

The state-court defendants moved for sanctions against O'Boyle in January 2006. The Tennessee court granted this motion in November 2006, ordering O'Boyle to pay $1.25 million to the defendants and $5,000 to the court. O'Boyle thereafter moved to amend the sanctions order. In January 2007, the court granted this motion and vacated the $1.25-million award, so long as O'Boyle paid the $5,000 sanctions awarded to the court.

Meanwhile, in October 2006, Shulman Rogers and Cooper entered into a tolling agreement with O'Boyle. Guberman was not a party to the agreement. The agreement stated that it did not revive any claims that had already become time-barred. The agreement expired in October 2007, but Shulman Rogers and O'Boyle extended it through February 2009. Cooper did not sign the extension.

No. 10-5551
*O'Boyle v. Shulman, Rogers, Gandal, Pordy & Ecker P.A.*

O'Boyle sued the Defendants in New Jersey state court in December 2008, claiming that he had lost the Tennessee case as a result of their alleged malpractice. The Defendants removed the case to federal court. O'Boyle voluntarily dismissed the suit and refiled in Tennessee federal court in April 2009. That case is the one now before us. The district court dismissed O'Boyle's claims as untimely under Tennessee's one-year statute of limitations. This appeal followed.

We review de novo the district court's determination that O'Boyle's suit was untimely. *See In re NM Holdings Co.*, 622 F.3d 613, 618 (6th Cir. 2010). The parties agree that Tennessee's one-year statute of limitations applies. *See generally* Tenn. Code. Ann. § 28-3-104(a)(2). The statute begins running when the plaintiff knows or reasonably should know that he was actually injured by his attorney's malpractice. *See John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). Although knowledge "is usually a fact question for the jury to determine," *Wyatt v. A-Best, Co.*, 910 S.W.2d 851, 854 (Tenn. 1995), a defendant nonetheless is entitled to dismissal for failure to state a claim where "the plaintiff undoubtedly can prove no set of facts consistent with its allegations that would entitle it to relief." *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477–78 (6th Cir. 2010).

Here, O'Boyle's own pleadings state that the Defendants had "repeatedly advised [him] that [his] claims would defiantly withstand any motion for summary judgment and would, to a reasonable probability, result in a successful outcome[.]" Compl. ¶ 19(c). Those assurances were proven false in December 2004, when the Tennessee court dismissed all of O'Boyle's claims. Thus, by then O'Boyle had reason to know that he had been injured by the Firm's alleged malpractice. And O'Boyle had all the more reason to know that alleged fact by September 2005, when the court

-3-

ordered him to pay over $1.6 million in fees to the defendants.  Both of these dates precede by more than one year the date of the tolling agreement—which means that O'Boyle's claims are untimely.

The district court's judgment is affirmed.